State, Lewis, pros., v. Freeholders of Hudson County.

real estate returned may be such as is taxable as not being within the exemption of the prosecutors' charters. This taxation should have been made under the general tax law. But the property having been returned under the act of 1873, the public authorities may have omitted to assess it under the general law. The assessments made will be retained with a view to permit application to the court to correct such assessments in the hands of the collectors, in order to make them conform to what they would have been if made under the general law.

If no such application is made during the present term, a rule may be entered setting aside the assessment and all proceedings.

Justices DALRIMPLE and VAN SYCKEL concurred.

THE STATE, WILLIAM A. LEWIS ET AL., PROSECUTORS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

1. The boards of chosen freeholders may pay all reasonable expenses incurred in good faith by a public officer in the arrest and prosecution of public offenders, where the exigencies of the case and the ends of justice require the expenditure, though they may not be taxable in any bill of costs, nor recoverable against the county by action at law.

2. The power of boards of freeholders over the public moneys is not, however, unlimited, and they have no right to vote away, *ad libitum*, the funds of the county; and upon complaint of a tax payer, this court has ample power to set aside any wrongful, illegal or fraudulent appropriation by the freeholders of the moneys in the county treasury.

On *certiorari* to the board of chosen freeholders of the county of Hudson, bringing up the resolution of the board ordering payment of a bill presented by one of the coroners of the county.

State, Lewis, pros., v. Freeholders of Hudson County.

Argued at June Term, 1874, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the prosecutors, *Weart.*

For the defendant, *J. H. Lippincott.*

The opinion of the court was delivered by

DALRIMPLE, J. The *certiorari* in this case brings up a bill presented by one of the coroners of the county of Hudson, against the board of chosen freeholders of that county, and the resolution of the board ordering the bill paid. It is insisted that the bill does not contain a legal charge against the county, and that therefore the action of the board in ordering it paid is illegal and ought to be set aside. It appears by the evidence taken, that one W. stood charged with the crime of murder, committed in the county of Hudson. The coroner who took the inquest of the death of the person charged to have been murdered, issued a warrant for the arrest of the accused, who had fled to the state of Illinois. He was there, by virtue of the coroner's warrant and without other authority, arrested as a fugitive from justice and brought to and lodged in the Hudson county jail, and was thereafter indicted for the crime for which he was thus arrested, tried and acquitted. It further appears that the coroner, before he proceeded to Illinois to make the arrest, consulted the prosecutor of the pleas of Hudson, in respect to it, and understood from him that the expenses attending the arrest would be paid. The bill in question is for expenses incurred by the coroner in making the arrest and transporting the prisoner from Illinois to this state. It is conceded that the state is not legally chargeable with these expenses, no requisition having been made by the executive of this state on the governor of Illinois for surrender of the fugitive. The ground on which the reversal of the action of the board in ordering the bill paid is asked is, that such action is a misappropriation of the public funds. In other words, it is insisted that it is illegal for

the board of chosen freeholders to allow or order paid, any claim made against the county, unless an action at law can be maintained therefor. In my opinion, such a rule would restrict the power of the board within too narrow limits. I see nothing in the act incorporating chosen freeholders, which prevents their recognizing a moral obligation to pay expenses honestly incurred by courts, public officers or private citizens in furtherance of the due administration of justice. The practice to do so has been long and well established and acquiesced in alike by the public and by private citizens. At this late day, to change this practice sanctioned by long usage, and hold that chosen freeholders have no discretion to allow and pay reasonable expenses for the arrest, prosecution and punishment of offenders against the public, and that such payments are illegal, unless specially provided for by some statute, would greatly embarrass the public authorities in their prosecution of offences against the public and tend to obstruct and oftentimes, defeat the due course of justice. In the consideration of this case, I have not lost sight of the general rule that all acts of a municipal corporation in excess of the powers expressly granted, or fairly to be implied from or incident to those expressly granted, are void. *Dillon on Municipal Corporations*, 101. By the fourth section of the act incorporating the chosen freeholders, (*Nix. Dig.* 123,) it is, among other things, made the duty of the board to raise such sums of money for prosecuting and defending the rights, defraying the public and other necessary charges, and doing, fulfilling and executing all legal purposes, objects, business, and affairs of the county as they or the major part of them shall deem adequate or proper; all which moneys so raised shall be applied, paid and expended under the direction and management of the said corporation. In view of the somewhat extensive powers thus conferred, I do not see upon what principle we can hold that the chosen freeholders may not pay reasonable expenses incurred in good faith by a public officer in the arrest and prosecution of public offenders, when the exigencies of the case and the ends of justice require the

expenditure, though they may not properly be taxable in any bill of costs, nor recoverable against the county by action at law. The narrow doctrine contended for by the prosecutors in this case, would render it unlawful for the freeholders to pay for the necessary entertainment of jurors committed to the custody of the officers of the court during the trial of a capital case, nor could they lawfully pay the expenses of a diagram or map of the scene of a homicide, ordered by the public prosecutor, and necessary for use on the trial of an indictment. If these and other similar necessary and convenient, if not indispensable, expenses incident to the arrest and conviction of criminals, may not be defrayed by the chosen freeholders, the result must be that oftentimes there will be a failure of justice for want of the proper means to prosecute. Neither the state nor any other municipality, or corporation, or individual is charged with the duty of providing for such expenses. The theory of our law is, that all costs and charges of arrest and prosecution of persons charged with crime, are to be paid by the county in which the offence was committed, except in cases where the accused is sentenced to hard labor in the state prison, when the taxed bill of costs only is to be audited by the comptroller and paid by the state treasurer. The expenses of arrest on requisition of the governor, are specially provided for. While I feel constrained to hold that the freeholders have power to the extent indicated, to pay out and appropriate the public moneys, it should be borne in mind that their power is not unlimited, and that they have no legal right to vote away, *ad libitum*, the funds of the county. This court is not without ample power, on complaint of a tax payer, to set aside any wrongful, illegal or fraudulent appropriation by the freeholders of the moneys in the county treasury. There may, besides, be other modes of redressing such wrongs. It is not alleged in this case that the board has, in fact, abused its authority, or that the officer to whom the money is voted, is not, in equity and justice, entitled to it, or that the appropriation has been made without full investigation and examination of the items making up

the claim. It was urged on the argument that the coroner, who presents this claim, is not entitled to be reimbursed his expenses, because he had no authority to issue a warrant or make the arrest. I do not think that this fact changes the legal aspect of the case. He succeeded in taking the accused and lodging him in the Hudson county jail. The public has had the benefit of the service, and I do not think it can now be held that it is illegal for the board of freeholders to recognize and pay for it, on the ground that the accused might lawfully have resisted an arrest by the coroner or by virtue of his warrant.

The result is, that the proceedings of the freeholders brought up must be affirmed, with costs.

Justices DEPUE and VAN SYCKEL concurred.